Jeffrey M. Lenkov (State Bar No. 156478)
*jml@manningllp.com*
**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**
801 S. Figueroa St, 15th Floor
Los Angeles, California 90017-3012
Telephone: (213) 624-6900
Facsimile: (213) 624-6999

Attorneys for Defendant MACY'S WEST STORES, INC. (Doe 1)
[Also erroneously sued and served as MACY'S, INC.]

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ALTON HARDING,<br>Plaintiff,<br>v.<br>MACY'S and DOES 1 to 20 inclusive,<br>Defendant. | Case No.<br><br>**DEFENDANT MACY'S WEST STORES' NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §1441(b); AND DECLARATION OF ROBERT P. WARGO IN SUPPORT THEREOF; DEMAND FOR JURY TRIAL** |

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that Defendant MACY'S WEST STORES, INC. ("Macy's"), hereby removes to this Court the State Court action described below:

1. On March 15, 2016, Plaintiff Alton Harding filed this action in the Superior Court of the State of California, County of Orange, as Case No. 30-2016-00840970-CU-PO-CJC. Attached hereto as Exhibit "A" is a true and correct copy of the Summons and Complaint.

2. On April 12, 2016, Plaintiff filed an Amendment to Complaint adding Macy's West Stores, Inc., as Doe 1. A true and correct copy of this Amendment is attached hereto as Exhibit "B."

MANNING & KASS
ELLROD, RAMIREZ, TRESTER LLP
ATTORNEYS AT LAW

3. Macy's West Stores, Inc., filed its answer to the Complaint on April 19, 2016. A true and correct copy of this answer is attached hereto as Exhibit "C."

4. This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. §1332, and is one which may be removed to this Court by Defendant Macy's, pursuant to the provisions of 28 U.S.C. §1441, in that it arises under 42 U.S.C. §§1983, et seq., and the 4th, 5th and 14th amendments to the United States Constitution. (See Second and Third Causes of Action to Complaint).

5. The Court also has supplemental jurisdiction over the remaining claims in the Complaint (Violation of Unruh Civil Rights Act, intentional infliction of emotional distress and negligent infliction of emotional distress) per 28 U.S.C. §1367 because they are transactionally related to and based upon the same facts supporting the federal civil rights claims.

Dated: April 20, 2016

MANNING & KASS
ELLROD, RAMIREZ, TRESTER LLP

By: Robert P. Wargo SBN 175177 for
Jeffrey M. Lenkov, Esq.
Attorneys for MACY'S WEST STORES, INC. (Doe 1) [Also erroneously sued and served as MACY'S, INC.]

MANNING & KASS
ELLROD, RAMIREZ, TRESTER LLP
ATTORNEYS AT LAW

## DECLARATION OF ROBERT P. WARGO

I, Robert P. Wargo, declare that:

1. I am an attorney at law duly licensed to practice before this Court and all of the courts of the State of California. I am Senior Counsel at Manning & Kass, Ellrod, Ramirez, Trester LLP, the attorneys for Defendant MACY'S WEST STORES, INC. ("Macy's"), in this action. If called upon to do so, I could and would testify to the following from my personal knowledge, except as to those matters stated on information and belief, as to which I believe them to be true.

2. On March 15, 2016, Plaintiff Alton Harding filed this action in the Superior Court of the State of California, County of Orange, as Case No. 30-2016-008490970-CU-PO-CJC. Attached hereto as Exhibit "A" is a true and correct copy of the Summons and Complaint.

3. On April 12, 2016, Plaintiff filed an Amendment to Complaint adding Macy's West Stores, Inc., as Doe 1. A true and correct copy of this Amendment is attached hereto as Exhibit "B."

4. Macy's West Stores, Inc., filed its answer to the Complaint on April 19, 2016. A true and correct copy of this answer is attached hereto as Exhibit "C."

5. This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. §1332, and is one which may be removed to this Court by Defendant Macy's, pursuant to the provisions of 28 U.S.C. §1441, in that it arises under 42 U.S.C. §§1983, et seq., and the 4th, 5th and 14th amendments to the United States Constitution. (See Second and Third Causes of Action to Complaint).

6. The Court also has supplemental jurisdiction over the remaining claims in the Complaint (Violation of Unruh Civil Rights Act, intentional infliction of emotional distress and negligent infliction of emotional distress) per 28 U.S.C. §1367 because they are transactionally related to and based upon the same facts supporting the federal civil rights claims.

MANNING & KASS
ELLROD, RAMIREZ, TRESTER LLP
ATTORNEYS AT LAW

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration was executed at Los Angeles, California on April 20, 2016.

Robert P. Wargo

MANNING & KASS ELLROD, RAMIREZ, TRESTER LLP ATTORNEYS AT LAW

**DEMAND FOR JURY TRIAL**

Defendant MACY'S WEST STORES, INC., hereby demands trial of this matter by jury.

Dated: April 20, 2016

MANNING & KASS
ELLROD, RAMIREZ, TRESTER LLP

By: Robert P. Wargo, SBN 175177 for
Jeffrey M. Lenkov, Esq.
Attorneys for MACY'S WEST STORES, INC. (Doe 1) [Also erroneously sued and served as MACY'S, INC.]

MANNING & KASS
ELLROD, RAMIREZ, TRESTER LLP
ATTORNEYS AT LAW

# EXHIBIT A

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

NOTICE TO DEFENDANT:
*(AVISO AL DEMANDADO):*
MACY'S, and DOES 1 through 20, Inclusive

YOU ARE BEING SUED BY PLAINTIFF:
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
ALTON HARDING

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**ELECTRONICALLY FILED**
Superior Court of California,
County of Orange
**03/15/2016** at 03:22:52 PM
Clerk of the Superior Court
By Veronica Acosta,Deputy Clerk

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center *(www.courtinfo.ca.gov/selfhelp)*, your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site *(www.lawhelpcalifornia.org)*, the California Courts Online Self-Help Center *(www.courtinfo.ca.gov/selfhelp)*, or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California* (www.sucorte.ca.gov)*, en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services,* (www.lawhelpcalifornia.org)*, en el Centro de Ayuda de las Cortes de California,* (www.sucorte.ca.gov) *o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
ORANGE COUNTY SUPERIOR COURT - Central Justice Center
111 North Hill Street
Santa Ana, California 92701

CASE NUMBER: 30-2016-00840970-CU-PO-CJC
Judge James Crandall

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
LAW OFFICES OF BARRY S. ZELNER (SBN: 73278) Barry S. Zelner, Esq.
16055 Ventura Blvd., Suite 505 (323) 272-9119; (818) 986-1935 - Fax
Encino, California 91436

DATE: *(Fecha)* 03/15/2016 Alan Carlson, Clerk of the court Clerk, by *(Secretario)* Veronica Acosta, Deputy *(Adjunto)*

Veronica Acosta

*(For proof of service of this summons, use* Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario* Proof of Service of Summons, *(POS-010)).*

[SEAL]

NOTICE TO THE PERSON SERVED: You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:
3. ☐ on behalf of *(specify)*:
under: ☐ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*:








**SUMMONS**

LAW OFFICES OF BARRY S. ZELNER
(Bar No. 73278)
16055 Ventura Boulevard, Suite 505
Encino, California 91436
(323) 272-9119 (tel)
(818) 986-1935 (fax)

Attorney for Plaintiff

ELECTRONICALLY FILED
Superior Court of California,
County of Orange
03/15/2016 at 03:22:52 PM
Clerk of the Superior Court
By Veronica Acosta,Deputy Clerk

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF ORANGE

ALTON HARDING,

Plaintiff,

v.

MACY'S, and DOES 1 through 20, Inclusive,

Defendants.

CASE NO. : 30-2016-00840970-CU-PO-CJC

**COMPLAINT FOR DAMAGES FOR:**

1. **VIOLATIONS OF THE UNRUH CIVIL RIGHTS ACT (CIV. CODE §51-51);**
2. **VIOLATION OF 42 U.S.C. §§1983, et seq.;**
3. **VIOLATIONS OF THE 4TH, 5TH AND 14TH AMENDMENTS TO THE UNITED STATES CONSTITUTION;**
4. **INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS; and**
5. **NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**

Judge James Crandall

Plaintiff Alton Harding alleges as follows:

**FACTS RELEVANT TO ALL CAUSES OF ACTION**

1. At all times herein concerned, plaintiff was and is a resident of the City of Long Beach, County of Los Angeles, State of California.

2. At all times herein concerned, Macy's was and is a department store open to the public and operating in numerous cities throughout the United States, including a store located in the South Coast Plaza at 3333 Bristol Street, Costa Mesa, California.

3. The true names and capacities, whether individual, corporate, associate or otherwise of defendants DOES 1through 20, inclusive, are at this time unknown to plaintiff, and plaintiff will amend the complaint to assert their true names and capacities when same become known.

4. At all times herein concerned, each defendant was the agent, servant and employee of the remaining defendants and was acting within the course and scope of their agency and employment.

5. On December 4, 2014, plaintiff was a customer in the aforementioned Macy's department store. As he was leaving the store, he was accosted by an individual employed by the store who advised plaintiff that he had stolen items from the store. Plaintiff immediately denied said accusation but was compelled to accompany said employee of Macy's through the store who continually implied that plaintiff was a thief.

6. When plaintiff and the Macy's employee arrived at the loss prevention area, he was advised by the employee that he must be the wrong person and that "they must have caught the right person."

7. A manager of Macy's admitted to plaintiff that he had been racially profiled because he was the only African-American in Macy's at the time of the alleged theft.

8. At the time of the incident, plaintiff suffered immediate shock and humiliation because of an incident which had occurred 17 years in the past when he was again racially profiled and accused of a theft he did not commit.

**FIRST CAUSE OF ACTION**

(Against All Defendants for Violation of the
Unruh Civil Rights Act, Civil Code Section 51-52)

9. Plaintiff hereby incorporates by reference the allegations of paragraphs 1 through 8 above.

10. As alleged above, plaintiff was detained and humiliated with the false allegation that he was a thief only because the fact that he was an African-American.

11. Defendants, and each of them, are thus in violation of Civil Code section 52

which provides for treble damages and attorney's fees as a result of such racial discrimination.

12. As a result of the misconduct of defendants, and each of them, plaintiff suffered shock, humiliation and extreme emotional distress for which he was required to seek medical attention, including numerous psychiatric visits to alleviate his pain and suffering.

13. Plaintiff is thus entitled to special and compensatory damages according to proof, to be trebled by the provisions of said section 52.

**SECOND CAUSE OF ACTION**

(Against All Defendants for Violation of
42 United States Code Sections 1983, et seq.)

14. Plaintiff hereby incorporates by reference the allegations of paragraphs 1 through 8 above and paragraphs 12 and 13 of the First Cause of Action.

15. Defendants, and each of them, were in direct violation of the provisions of 42 United States Code section 1983 which provides in part that every person who subjects, or causes to be subjected, any citizen to the deprivation of any rights, privileges, or amenities secured by the Constitution and laws shall be liable to the party injured in an action at law.

16. The improper and unjust racial profiling committed by defendants in the instant case fell within the purview of the aforementioned section and defendants are therefore liable to plaintiff in an amount according to proof.

**THIRD CAUSE OF ACTION**

(Against All Defendants for Violation of
the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States)

17. Plaintiff hereby incorporates by reference the allegations of paragraphs 1 through 8 above, paragraphs 12 and 13 of the First Cause of Action, and paragraphs 14 through 16 of the Second Cause of Action.

18. The acts of defendants, and each of them, in detaining plaintiff and accusing him of theft solely on the basis of his being an African-American, deprived plaintiff of his

civil rights guaranteed by the Fourth, Fifth and Fourteenth Amendments of the United States Constitution.

19. Defendants are therefore liable to plaintiff in an amount to be established by proof for said violation of plaintiff's constitutional rights.

**FOURTH CAUSE OF ACTION**

(Against All Defendants for Intentional Infliction of Emotional Distress)

20. Plaintiff hereby incorporates by reference the allegations of paragraphs 1 through 8 above and paragraphs 12 and 13 of the First Cause of Action.

21. The conduct of defendants, and each of them, in detaining plaintiff and accusing him of theft solely on the basis of the fact that he was African-American, is discriminatory and constituted despicable conduct as well as conduct carried on by defendants with a willful and conscious disregard of the rights of plaintiff.

22. As a result of such wrongful conduct committed by defendants, and each of them, plaintiff suffered extreme emotional distress as alleged above. Defendants are therefore liable to plaintiff for damages according to proof as well as exemplary damages pursuant to the provisions of Civil Code section 3294 in that the conduct of defendants falls within the definitions of "malice" and "oppression" as set forth in said statute.

**FIFTH CAUSE OF ACTION**

(Against All Defendants for Negligent Infliction of Emotional Distress)

23. Plaintiff hereby incorporates by reference the allegations of paragraphs 1 through 8 above and paragraphs 12 and 13 of the First Cause of Action.

24. In racially profiling plaintiff and improperly detaining him and accusing him of theft without any facts to support same, defendants were negligent in the extreme.

25. As a result of the negligence of defendants, and each of them, plaintiff suffered severe emotional distress and damages as set forth above.

26. Plaintiff is therefore entitled to damages according to proof for negligent infliction of emotional distress.

**WHEREFORE**, plaintiff prays for judgment against defendants, and each of them,

as follows:

1. On the First Cause of Action, for treble damages according to proof and for attorney's fees according to proof;
2. On the Second Cause of Action, for damages according to proof and for attorney's fees as provided by the United States Code; Section 1988;
3. On the Third Cause of Action, for damages according to proof;
4. On the Fourth Cause of Action, for damages according to proof together with exemplary damages pursuant to the provisions of Civil Code section 3294;
5. On the Fifth Cause of Action, for damages according to proof;
6. For costs of suit incurred herein; and
7. For such other and further relief as this Court deems proper in the premises.

DATED: March 15, 2016

LAW OFFICES OF BARRY S. ZELNER

By: ____________________
Barry S. Zelner
Attorney for Plaintiff

# EXHIBIT B

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, state bar number, and address):
Barry S. Zelner, Esq. (SBN: 73278)
LAW OFFICES OF BARRY S. ZELNER
16055 Ventura Blvd., Suite 505
Encino, California 91436
TELEPHONE NO.: (310) 274-9069 FAX NO. (Optional): (818) 986-1935
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name): Plaintiff: ALTON HARDING

FOR COURT USE ONLY

**ELECTRONICALLY FILED**
Superior Court of California, County of Orange
**04/12/2016** at 12:07:00 PM
Clerk of the Superior Court
By Davon Velasquez, Deputy Clerk

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE
JUSTICE CENTER:
[X] Central - 700 Civic Center Dr. West, Santa Ana, CA 92701
[ ] Civil Complex Center - 751 W. Santa Ana Blvd., Santa Ana, CA 92701
[ ] Harbor-Newport Beach Facility - 4601 Jamboree Rd., Newport Beach, CA 92660-2595
[ ] North - 1275 N. Berkeley Ave., P.O. Box 5000, Fullerton, CA 92838-0500

PLAINTIFF: ALTON HARDING

DEFENDANT: MACY'S, and DOES 1 through 20, Inclusive,

CASE NUMBER: 30-2016-00840970-CU-PO-CJC

AMENDMENT TO [X] COMPLAINT [ ] CROSS-COMPLAINT

Case assigned to:
Judge: Crandall
Department: C-33
Date complaint filed: 03/15/2016
Hearing/trial date:

**FICTITIOUS NAME UNDER SECTION 474, CODE OF CIVIL PROCEDURE (NO ORDER REQUIRED)**

I have discovered the true name of [X] Doe 1 [ ] Roe to be
MACY'S WEST STORES, INC.
The complaint/cross-complaint is amended to reflect the true name wherever it appears in the pleading.

Date: April 12, 2016

BARRY S. ZELNER, Esq.
(TYPE OR PRINT NAME)

(SIGNATURE OF PARTY OR ATTORNEY)

**INCORRECT NAME UNDER SECTION 473, CODE OF CIVIL PROCEDURE (ORDER REQUIRED)**

The complaint/cross-complaint incorrectly named the defendant/cross-defendant as

I have discovered the true name of the party to be

I request the complaint/cross-complaint be amended to reflect the true name wherever it appears in the pleading.

Date:

(TYPE OR PRINT NAME)

(SIGNATURE OF PARTY OR ATTORNEY)

**ORDER**
The complaint/cross-complaint is amended to reflect the true name wherever it appears in the pleading.

Date:

JUDICIAL OFFICER

# EXHIBIT C

ELECTRONICALLY FILED
Superior Court of California,
County of Orange
04/19/2016 at 02:55:00 PM
Clerk of the Superior Court
By Trinity Mai,Deputy Clerk

Jeffrey M. Lenkov (State Bar No. 156478)
*jml@manningllp.com*
**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**
801 S. Figueroa St, 15th Floor
Los Angeles, California 90017-3012
Telephone: (213) 624-6900
Facsimile: (213) 624-6999

Attorneys for Defendant, MACY'S WEST STORES, INC. (Doe 1)
[Also erroneously sued and served as MACY'S, INC.]

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**COUNTY OF ORANGE**

ALTON HARDING,

Plaintiff,

v.

MACY'S INC.,

Defendant.

Case No. 30-2016-00840970-CU-PO-CJC

**ANSWER TO UNVERIFIED COMPLAINT; DEMAND FOR JURY TRIAL**

Complaint Filed: 3/15/2016

COMES NOW Defendant, MACY'S WEST STORES, INC. (Doe 1) [also erroneously sued herein as MACY'S, INC.] and answering the unverified complaint on file herein, alleges as follows:

1. Under the provisions of Section 431.30 of the California Code of Civil Procedure, each and every allegation, and all the allegations, and each cause of action in the Complaint, and the whole thereof, is denied; and it is expressly denied that as a direct and proximate result of any act or omission on the part of this answering defendant, that plaintiff sustained injury or damage in the amount alleged, or in any amount, or amounts, or at all.

**FIRST AFFIRMATIVE DEFENSE**

2. AS A FIRST AND SEPARATE AFFIRMATIVE DEFENSE to the Complaint and each cause of action thereof, this answering defendant alleges by way of a plea of comparative negligence that the plaintiff was negligent in and about the matters and activities alleged in the



MANNING & KASS
ELLROD, RAMIREZ, TRESTER LLP
Attorneys at Law

Complaint, that said negligence contributed to and was a proximate cause of the alleged injuries and damages, if any, and that if this defendant is found to have been negligent, and if the plaintiff is entitled to recover damages against this answering defendant by virtue of the Complaint, this defendant prays that said recovery be diminished by reason of the negligence of the plaintiff in proportion to the degree of fault attributable to the plaintiff.

**SECOND AFFIRMATIVE DEFENSE**

3. AS A SECOND AND SEPARATE AFFIRMATIVE DEFENSE to the Complaint, and each cause of action thereof, this defendant alleges by way of a plea of comparative negligence that the plaintiff was negligent in and about the matters and activities alleged in the Complaint, that said negligence contributed to and was a proximate cause of the alleged injuries and damages, if any, or was the sole cause thereof, and that if the plaintiff is entitled to recover damages against this defendant by virtue of the Complaint, this defendant prays that said recovery be diminished or extinguished by reason of the negligence of the plaintiff in proportion to the degree of fault attributable to the plaintiff.

**THIRD AFFIRMATIVE DEFENSE**

4. AS A THIRD AND SEPARATE AFFIRMATIVE DEFENSE to the Complaint and each cause of action thereof, this defendant alleges that the incident mentioned in the Complaint and the alleged damages and/or injuries, if any, sustained by plaintiff were directly and proximately caused and contributed to by the negligence of a third party(ies) in that the said third parties did not exercise proper or necessary care or control over plaintiff at about the time of the happening of the incident complained of.

**FOURTH AFFIRMATIVE DEFENSE**

5. AS A FOURTH AND SEPARATE AFFIRMATIVE DEFENSE to the Complaint, and each cause of action thereof, this defendant alleges that plaintiff had knowledge of the risks and hazards involved in the activity at the time and place of the alleged incident and voluntarily engaging therein thereby assumed the risks and hazards thereof.

**FIFTH AFFIRMATIVE DEFENSE**

6. AS A FIFTH AND SEPARATE AFFIRMATIVE DEFENSE to the Complaint and

MANNING & KASS
ELLROD, RAMIREZ, TRESTER LLP
ATTORNEYS AT LAW

each cause of action thereof, this defendant alleges that if plaintiff is entitled to a joint judgment against this defendant and the remaining defendants, and each of them, this defendant prays that this Court order each of the judgment debtors to pay to plaintiff their proportionate share of the joint judgment, the judgment debtor's proportionate share having been determined by the trier of fact; and if this defendant is required to pay plaintiff a disproportionate share of any joint judgment, this defendant prays leave of this Court to seek contribution by motion against any other judgment debtor not paying the proportionate share allocated to any such defendant by the trier of fact.

**SIXTH AFFIRMATIVE DEFENSE**

7. AS A SIXTH AND SEPARATE AFFIRMATIVE DEFENSE to the Complaint and each cause of action thereof, this defendant alleges that plaintiff has failed to state facts sufficient to constitute a cause of action against defendant.

**SEVENTH AFFIRMATIVE DEFENSE**

8. AS A SEVENTH AND SEPARATE AFFIRMATIVE DEFENSE to the Complaint and each cause of action thereof this defendant alleges that the injuries sustained, if any, were either wholly or in part, negligently caused by persons, firms, corporations, or entities other than this answering defendant, and said negligence is either imputed to plaintiff, by reason of the relationship of said parties to plaintiff and/or said negligence comparatively reduces the percentage of negligence, if any, by this answering defendant.

**EIGHTH AFFIRMATIVE DEFENSE**

9. AS AN EIGHTH AND SEPARATE AFFIRMATIVE DEFENSE to the Complaint and each cause of action thereof, this answering defendant alleges that the Complaint, and all causes of action therein, are barred by the statute of limitations of the Code of Civil Procedure, including but not limited to C.C.P. Sections 337.1, 337.15, 338 and 340.

**NINTH AFFIRMATIVE DEFENSE**

10. AS A NINTH AND SEPARATE AFFIRMATIVE DEFENSE, to the Complaint and each cause of action thereof, this defendant alleges that payments have heretofore been made on behalf of defendant to plaintiff in an amount to be proved at trial without any admission of

liability or responsibility for the incident herein sued upon or the injuries alleged sustained. Defendant is, pursuant to Insurance Code Section 11583, entitled to a credit in that amount against any settlement made or judgment rendered herein.

**TENTH AFFIRMATIVE DEFENSE**

11. AS AN TENTH AND SEPARATE AFFIRMATIVE DEFENSE to the Complaint and each cause of action thereof, this defendant alleges that any injury, damage or loss suffered by plaintiff was proximately caused by plaintiff's failure to use reasonable means to prevent aggravation of plaintiff's conditions and to use reasonable means to mitigate damages to plaintiff.

**ELEVENTH AFFIRMATIVE DEFENSE**

12. AS AN ELEVENTH AND SEPARATE AFFIRMATIVE DEFENSE to the Complaint and each cause of action thereof, this defendant alleges that liability, if any, for all non-economic damages shall be allocated in direct proportion to each tortfeasor's percentage of fault. Civil Code, Section 1431, et seq.

**TWELFTH AFFIRMATIVE DEFENSE**

13. AS A TWELFTH AND SEPARATE AFFIRMATIVE DEFENSE to the Complaint and each cause of action thereof, this defendant alleges that plaintiff has unreasonably failed to mitigate damages, if any.

**THIRTEENTH AFFIRMATIVE DEFENSE**

14. AS A THIRTEENTH AND SEPARATE AFFIRMATIVE DEFENSE to the Complaint and each cause of action thereof, this party was given no notice of any alleged dangerous condition on its property in time to rectify any such alleged condition prior to the injuries of the plaintiff.

**FOURTEENTH AFFIRMATIVE DEFENSE**

15. AS A FOURTEENTH AND SEPARATE AFFIRMATIVE DEFENSE to the Complaint and each cause of action thereof, this answering defendant had no actual or constructive knowledge of the alleged dangerous or unsafe condition which plaintiff claims caused her injures.

MANNING & KASS ELLROD, RAMIREZ, TRESTER LLP ATTORNEYS AT LAW

**FIFTEENTH AFFIRMATIVE DEFENSE**

16. AS A FIFTEENTH AND SEPARATE AFFIRMATIVE DEFENSE to the Complaint, and each cause of action thereof, this answering defendant alleges that this subject action is frivolous and plaintiff and her attorney are liable for sanctions pursuant to C.C.P. Sections 128.5 and 128.7.

**SIXTEENTH AFFIRMATIVE DEFENSE**

17. AS A SIXTEENTH AND SEPARATE AFFIRMATIVE DEFENSE to the Complaint, and each cause of action thereof, this answering defendant had no ownership interest in, or control of, the premises and/or area whereat plaintiff claims to have been injured.

WHEREFORE, answering defendant prays that plaintiff take nothing by the Complaint; that answering defendant have judgment for costs of suit incurred herein; and for such further relief as this Court may deem just and proper.

DATED: April 19, 2016

MANNING & KASS
ELLROD, RAMIREZ, TRESTER LLP

By: Robert P. Wargo SBN 175937 for
Jeffrey M. Lenkov, Esq.
Attorneys for Defendant, MACY'S WEST STORES, INC. (Doe 1) [Also erroneously sued and served as MACY'S]

MANNING & KASS ELLROD, RAMIREZ, TRESTER LLP

**DEMAND FOR JURY TRIAL**

Defendant, MACY'S WEST STORES, INC. (Doe 1) [Also erroneously sued herein as MACY'S] hereby demand trial of this matter by jury.

DATED: April 17, 2016

**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**

By: Robert P. Ward SBN 175987 for
Jeffrey M. Lenkov
Attorneys for Defendant, MACY'S WEST STORES, INC. (Doe 1) [Also erroneously sued and served as MACY'S]

**PROOF OF SERVICE**

***Alton Harding v. Macy's, Inc. - Case No. 30-2016-00840970-CU-PO-CJC***

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 801 South Figueroa Street, 15th Floor, Los Angeles, California 90017.

On **April 19, 2016,** I served the document described as **ANSWER TO UNVERIFIED COMPLAINT; DEMAND FOR JURY TRIAL** on the interested parties in this action by placing true copies thereof enclosed in a sealed envelope(s) addressed as follows:

Barry S. Zelner, Esq.
Zelner & Karpel
16055 Ventura Boulevard, Suite 505
Encino, CA 91436
Tel: 323-272-9119 or
310-274-9059
Fax: 818-986-1935
Email: barryzelner@yahoo.com
*Attorneys for Plaintiff*

X **(BY MAIL)** I caused such envelope(s) to be deposited in the mail at Los Angeles, California. The envelope(s) were/was mailed with postage thereon fully prepaid. I placed such envelope(s) with postage thereon prepaid in the United States mail at Los Angeles, California. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

❐ **(BY OVERNIGHT COURIER)**: I placed the above-referenced document in envelope(s) designated by the express service carrier (UPS) for overnight delivery, addressed as indicated above or on the attached service list. I delivered said UPS envelope to the personnel of our mail room. I am "readily familiar" with the firm's practice of collecting and processing documents intended for UPS overnight delivery. Under that practice, after the document is delivered to the firm's mail room, it is deposited that same day, with delivery fees provided for, in a box or other facility regularly maintained by the express service carrier or is delivered to an authorized courier or driver authorized by UPS service carrier to receive documents for overnight delivery.

❐ **(BY FACSIMILE)** I telecopied such document to the offices of the addressee(s) at the listed fax number(s) as indicated above or on the attached service list.

X **(STATE)** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on **April 19, 2014,** at Los Angeles, California.

Myrna G. Villapando

MANNING & KASS
ELLROD, RAMIREZ, TRESTER LLP
Attorneys at Law