LAW OFFICES OF BARRY S. ZELNER
(Bar No. 73278)
16055 Ventura Boulevard, Suite 505
Encino, California 91436
(323) 272-9119 (Tel)
(818)986-1935 (Fax)
Email: ligiamramirez@yahoo.com
barryzelner@yahoo.com

In association with:

James S. Link  (Bar No. 94280)
215 N. Marengo Ave., 3rd Floor
Pasadena, CA 91101
626-793-9570
james.s.link@att.net

Attorney for Plaintiff Alton Harding

IN THE UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALTON HARDING,<br><br>                              Plaintiff,<br><br>                    v.<br><br>MACY'S and DOES 1 through 20, Inclusive,<br><br>                              Defendants. | Case No.: 16-cv-00772-DOC (SKx)<br><br>**Joint Stipulation Re:  Discovery Disputes**<br><br>Discovery Document: Referred to Magistrate Judge Steve Kim<br><br>Hearing Date: 12/14/16<br>Time: 10:00 a.m.<br>Courtroom: 24<br><br>Discovery CutOff:  June 2, 2017<br>Motion CutOff:  July 10, 2017<br>Final Pretrial Conference: August 7, 2017<br>Jury Trial: September 5, 2017 |

# TABLE OF CONTENTS

TABLE OF CONTENTS ............................................................................. 2

PLAINTIFF'S INTRODUCTION ............................................................. 5

DEFENDANT'S INTRODUCTION ........................................................... 6

SPECIFIC DISCOVERY IN ISSUE ......................................................... 11

  REQUEST FOR PRODUCTION NO.3: ................................................. 11

  FURTHER RESPONSE TO REQUEST FOR PRODUCTION NO. 3: ................ 11

PLAINTIFF'S ARGUMENT FOR FURTHER RESPONSE TO REQUEST FOR

PRODUCTION NO. 3 ............................................................................ 11

DEFENDANT'S OPPOSITION TO PLAINTIFF'S ARGUMENT FOR FURTHER

RESPONSE TO REQUEST FOR PRODUCTION NO. 3; REQUEST FOR

PROTECTIVE ORDER ......................................................................... 15

  REQUEST FOR PRODUCTION NO. 4.: ................................................ 21

  FURTHER RESPONSE TO REQUEST FOR PRODUCTION NO. 4: ................ 21

PLAINTIFF'S ARGUMENT FOR FURTHER RESPONSE TO REQUEST FOR

PRODUCTION NO. 4 ............................................................................ 22

DEFENDANT'S OPPOSITION TO PLAINTIFF'S ARGUMENT FOR FURTHER

RESPONSE TO REQUEST FOR PRODUCTION NO. 4 ................................ 23

  INTERROGATORY NO. 4: .................................................................. 25

  FURTHER RESPONSE TO INTERROGATORY NO. 4: ............................. 25

PLAINTIFF'S ARGUMENT FOR FURTHER RESPONSE TO

INTERROGATORY NO. 4 ..................................................................... 25

DEFENDANT'S OPPOSITION TO PLAINTIFF'S ARGUMENT FOR FURTHER

RESPONSE TO INTERROGATORY NO. 4 ................................................ 26

  INTERROGATORY NO. 8: .................................................................. 26

  FURTHER RESPONSE TO INTERROGATORY NO. 8: ............................. 26

PLAINTIFF'S ARGUMENT FOR FURTHER RESPONSE TO

INTERROGATORY NO. 8 ..................................................................... 27

1   DEFENDANT'S OPPOSITION TO PLAINTIFF'S ARGUMENT FOR FURTHER
2   RESPONSE TO INTERROGATORY NO. 8; REQUEST FOR PROTECTIVE
3   ORDER ............................................................................................................. 28
4       INTERROGATORY NO. 9: ............................................................................. 28
5       FURTHER RESPONSE TO INTERROGATORY NO. 9: ................................. 29
6   PLAINTIFF'S ARGUMENT FOR FURTHER RESPONSE TO
7   INTERROGATORY NO. 9 ................................................................................... 29
8   DEFENDANT'S OPPOSITION TO PLAINTIFF'S ARGUMENT FOR FURTHER
9   RESPONSE TO INTERROGATORY NO. 9; REQUEST FOR PROTECTIVE
10  ORDER ............................................................................................................. 30
11      INTERROGATORY NO. 10: ........................................................................... 30
12      FURTHER RESPONSE TO INTERROGATORY NO. 10: ............................... 30
13  PLAINTIFF'S ARGUMENT FOR FURTHER RESPONSE TO
14  INTERROGATORY NO. 10 ................................................................................. 31
15  DEFENDANT'S OPPOSITION TO PLAINTIFF'S ARGUMENT FOR FURTHER
16  RESPONSE TO INTERROGATORY NO. 10; REQUEST FOR PROTECTIVE
17  ORDER ............................................................................................................. 31
18      INTERROGATORY NO. 11: ........................................................................... 32
19      FURTHER RESPONSE TO INTERROGATORY NO. 11: ............................... 32
20  PLAINTIFF'S ARGUMENT FOR FURTHER RESPONSE TO
21  INTERROGATORY NO. 11 ................................................................................. 32
22  DEFENDANT'S OPPOSITION TO PLAINTIFF'S ARGUMENT FOR FURTHER
23  RESPONSE TO INTERROGATORY NO. 11; REQUEST FOR PROTECTIVE
24  ORDER ............................................................................................................. 33
25      INTERROGATORY NO. 12: ........................................................................... 33
26      FURTHER RESPONSE TO INTERROGATORY NO. 12: ............................... 33
27  PLAINTIFF'S ARGUMENT FOR FURTHER RESPONSE TO
28  INTERROGATORY NO. 12 ................................................................................. 33

DEFENDANT'S OPPOSITION TO PLAINTIFF'S ARGUMENT FOR FURTHER RESPONSE TO INTERROGATORY NO. 12; REQUEST FOR PROTECTIVE ORDER ...................................................................................................34

1

2   Plaintiff Alton Harding and Defendant Macy's West Stores, Inc. hereby

3   submit the following joint stipulation of discovery disputes on plaintiff's motion to

4   compel further responses and production on Request for Production Nos. 3 and 4 and

5   Interrogatory Nos. 4, 8, 9, 10, 11 and 12:

6   **PLAINTIFF'S INTRODUCTION**

7   Plaintiff Alton Harding sues defendant Macy's West Stores, Inc. (Macy's) for

8   compensatory, statutory treble damages and punitive damages for racial profiling for

9   the false and wrongful accusation by a Macy's employee that he was a thief.  [Cpt.

10   ¶¶ 4-6]  Plaintiff was shopping at Macy's when he was stopped by a security guard

11   and accused of theft. The guard indicated he had been specifically contacted by loss

12   prevention to stop him and bring him back to the loss prevention department.

13   Plaintiff was then marched through the store to loss prevention. The true facts were

14   the guard was never advised by loss prevention to stop plaintiff who was

15   subsequently told by this individual he was not actually the correct suspect. As

16   plaintiff was leaving the store, he advised a manager of what had occurred. The

17   manager acknowledged for all intents and purposes he was racially profiled since he

18   was the only African-American in the store.

19   There are 2 subjects of discovery involved in this dispute.  First, plaintiff seeks

20   information regarding other acts of racial profiling by Macy's.  Second, plaintiff asks

21   Macy's for its supporting facts and evidence for its affirmative defenses—all sixteen

22   of them.

23   Macy's asserts all manner of objections to the racial profiling information

24   requested, including the assertion that the information is irrelevant.  The relevance of

25   the racial profiling by Macy's is obvious.  For treble and punitive damages, plaintiff

26   must show reprehensible conduct.  That Macy's is a recidivist racial profiler is quite

27   relevant to prove reprehensible conduct for treble and punitive damages.  Plaintiff is

28   aware of other cases in which Macy's has been accused of racial profiling.  See e.g.,

*Wallace v. Federated Dep't Stores, Inc.*, 214 F. App'x 142, 145 (3d Cir. 2007) [allegation of racial profiling by employee who cited "a Macy's training session on 'eliminating racial profiling by store loss prevention detectives'"]; *Allen v. Macy's*, USDC Missouri, 16-cv-03044-BP [Exhibit A]; *People v. Macy's East Inc.*, USDC SD NY, 05-cv-00369 [Exhibit B]; *Brown v. Macy's*, USDC SD NY, 13-cv-08092-LGS [Exhibit C]; *Cesar v. Macy's*, USDC ND Cal., 16-cv-04387-JCS [Exhibit D]; *Petigny v. Macy's*, USDC SD Fla., 13-cv-21020-CMA [Exhibit E].  So, from New York to Florida to Missouri to California, Macy's has been accused of racial profiling, which has apparently been an unresolved problem for many years.  In point of fact, in *People v. Macy's East*, Macy's agreed in 2005 to pay the state of New York a fine of $600,000.00 and establish a security monitor and train employees to prevent racial profiling.  [Exhibit F, pp. 5-6, 11-13][1] Plaintiff is entitled to discovery on the other claims of racial profiling asserted against Macy's to seek admissible evidence for his claims for treble and punitive damages, as discussed more fully below.

On the issue of affirmative defenses, Macy's has provided virtually no facts and evidence that support them.  Macy's asserts it is entitled to allege affirmative defense without supporting evidence.  That is simply not true.

## DEFENDANT'S INTRODUCTION

In this lawsuit regarding allegations of racial profiling at a Macy West Stores, Inc. ("Defendant" or "Macy's West") location in Costa Mesa, California, the Court's intervention has become necessary to resolve a discovery dispute[2] relating to the

---

[1] Further, plaintiff is informed that Macy's was again fined in 2014 by the state of New York for racial profiling complaints of 18 store customers, this time in the amount of $650,000.  See http://www.nytimes.com/2014/08/20/nyregion/macys-to-pay-650000-to-resolve-bias-inquiry.html?_r=0.

[2]  As a preliminary matter, Defendant respectfully objects to the use of this joint stipulation procedure without properly following C.D. Cal. Local Rule 37-1.  Although Defendant requested that Plaintiff's counsel hold an in-person meet-and-

relevance and discoverability of prior complaints of racial profiling in Macy's stores across the United States, generally, without limitation as to time or location.  That is, to the extent that Defendant can make out Plaintiff's definition of "racial profiling," which Plaintiff's counsel repeatedly refused to define during meet-and-confer attempts and, eventually, resulted in the overbroad definition of **"any incident in which someone was treated differently in any manner based on their race."** (Ex. P.)[3]  Importantly, the Complaint involves a single instance where Plaintiff allegedly was told that because he was the only African-American individual in the store, he was assumed to be the culprit behind a theft.  (Doc. No. 1, Ex. A, Compl. ¶¶ 5-8.)  However, Plaintiff's counsel has refused to state that the scope of the discovery was limited to similar instances to Plaintiff's allegations in the Complaint, and instead remarked that the scope was **"anything."**  (Cook Decl., Ex. 1.) Accordingly, the scope appears to encompass entirely irrelevant matters, including any purported allegations of employment discrimination, even though this is not an employment discrimination case.

Notwithstanding the patent overbreadth of such a term and the clear lack of relevance or proportionality to the instant case, Plaintiff's major problem with his discovery, which gives rise to Defendant's request for a Protective Order, *infra*, is Plaintiff's insistence on treating Macy's as a consolidated entity even though Plaintiff, presumably for strategic reasons, has only sued Defendant Macy's West rather than Macy's, Inc. or even Macy's West's direct parent corporation (Macy's Retail Holdings, Inc., itself owned by Macy's, Inc.).  If Macy's, Inc. and/or Macy's Retail Holdings, Inc. were parties to this action, Plaintiff's arguments would have more support, but Plaintiff lumps all the various entities together and attempts to

---

confer pursuant to this rule, Plaintiff's counsel refused in a written letter by remarking "that's why we have telephones."  (Exs. M-N.)

[3]  For purposes of this motion, Plaintiff relies on exhibits using letters (*i.e.*, "Exhibit A"); accordingly, for the Court's convenience, any exhibits relied upon by Defendant Macy's West are numbered (*i.e.*, "Exhibit 1").

hold Defendant Macy's West liable for the acts of a separate entity operating stores in New York, even though Defendant has repeatedly advised Plaintiff that Macy's West—the sole Macy's-related entity in this action—only operates stores in the Pacific and Southwestern United States, and has never operated a single store in New York. Unfortunately for Plaintiff, the time to amend the Complaint to add any parent company—whether it be Macy's, Inc. or Macy's Retail Holdings, Inc.—as a Doe defendant passed on **November 2, 2016**, such that Plaintiff is limited by both his Compliant and by law to Macy's West's geographic region.

Perhaps recognizing this fatal flaw with its discovery, Plaintiff's motion treats "Macy's" as one giant consolidated entity, but Defendant's evidence, in the form of the Declaration of Ann Munson Steines, explains that this is false. (Cook Decl., Ex. 2.) In actuality, Defendant Macy's West, which is the sole Macy's-related party in this action, is a subsidiary of Macy's Retail Holdings, Inc.—itself a subsidiary of Macy's, Inc.—but does not operate any stores in New York, Florida, Illinois, or Missouri—all of which are the states where Plaintiff claims that Macy's has an ongoing issue with racial profiling.[4] The sole Macy's West state where Plaintiff identifies a single racial profiling claim is California—where Plaintiff identified just one case, filed this year—**but that case was filed <u>after</u> Defendant served its discovery responses in this case, and <u>involved events post-dating the events of this case</u>.** (*Compare* Ex. D ¶ 8 [August 3, 2015 incident date] *with* Doc. No. 1, Ex. A, Compl. ¶ 5 [December 4, 2014 incident date].)

On or about November 4, 2016, Defendant advised Plaintiff's counsel that the Bloomberg information was incorrect and that Defendant had never owned or

---

[4] Remarkably, Plaintiff attempts to rely on incompetent hearsay from Bloomberg, a website unaffiliated with Macy's, to claim that Macy's West operates stores in New York, Illinois, and Florida. Notwithstanding Defendant's hearsay objection pursuant to Fed. R. Evid. 801 *et seq.*, the attached Declaration of Ann Munson Steines, an actual Macy's employee, establishes that Macy's West only operates stores in the Pacific and Southwestern United States, and has never operated a single store in New York, Illinois, Florida, or Missouri. (Cook Decl., Ex. 2.)

1   operated a single Macy's store in New York, Florida, or Illinois.  In response,

2   Plaintiff's counsel stated that the information changed nothing for purposes of this

3   Joint Stipulation because Macy's West is a subsidiary of Macy's itself[5] and Macy's

4   has a "corporate policy apparently applicable to all Macy's stores posted on the

5   website specifically concerning racial profiling."  (Cook Decl., Ex. 3.)   This

6   representation clearly is at odds with Plaintiff's briefing *infra*, which states that

7   Plaintiff's proposed time limit of 15 years is not overbroad precisely because Macy's

8   West owns and operates stores in New York and there have been complaints in that

9   state going back 15 years.  Clearly, Defendant's objections to Plaintiff's discovery as

10  overbroad, irrelevant, and not proportional to the needs of this case are well-taken

11  given Plaintiff's fixation on discovery relating to non-party entities, and the Court

12  should enter a Protective Order prohibiting further discovery into these irrelevant

13  events involving nonparties to this litigation.[6]

14      Second, regarding the issue of affirmative defenses, Macy's West has

15  identified those documents to Plaintiff in the form of documents that Plaintiff

16  previously produced to Macy's.  Consistent with Fed. R. Civ. P. 33(d)(1), a party

17  may identify categories of documents where the information to answer an

18  Interrogatory may be found, so long as the burden is equal to both parties.  Here,

19

20  [5]  Even assuming that Macy's, Inc. and/or Macy's Retail Holdings, Inc. were
21  defendants to this action, the fact of the matter is that these companies also own and
    operate non-Macy's brand stores, such as Bloomingdale's.  By Plaintiff's counsel's
22  logic, he would be entitled to those stores' racial profiling data because
23  Bloomingdale's is a subsidiary of Macy's.  For this reason, Defendant's objections
    are clearly well taken.
24  [6]  Defendant notes that Plaintiff's counsel has declared his belief that Defendant had
25  agreed to produce documents, subject to a protective order; this is not remotely true.
    Rather, as noted by another exhibit, Defendant simply agreed that if the scope of the
26  discovery was sufficiently narrowed from its considerably overbroad phrasing, at
27  that point Defendant would produce the documents subject to a protective order.
    (Exs. L-M.)  Plaintiff's counsel never agreed to reduce the scope, as shown by
28  Defendant's briefing and exhibits, such that no agreement ever came to fruition.

Macy's West did precisely this, by directing Plaintiff's attention to his previously produced financial and medical records. If Plaintiff believes that this information is insufficient, Plaintiff is fully within his rights to seek partial summary judgment of the defenses at issue, but Macy's West submits that this would be premature given that Plaintiff's deposition has yet to be taken in this case.

Lastly, Plaintiff seeks a windfall of tens of thousands of dollars in sanctions for filing the instant motion despite the obvious good-faith discovery dispute between the parties. The Court should deny Plaintiff's meritless sanctions request, given that Rule 37(a)(5) does not authorize a sanctions award as a matter of course if Plaintiff prevails on the motion; rather, sanctions are precluded if the motion was "substantially justified" or "other circumstances make an award of expenses unjust." Pursuant to this rule, "[t]he court will not order monetary or other sanctions when it finds that a position was substantially justified in that the parties had a genuine dispute on matters on which reasonable people could differ as to the appropriate outcome." *See, e.g.*, *Roberts v. Clark Cnty. Sch. Dist.*, 312 F.R.D. 594, 609 (D. Nev. 2016); *see also Reygo Pacific Corp. v. Johnston Pump Co.*, 680 F.2d 647, 649 (9th Cir. 1982) ("A request for discovery is 'substantially justified' under the rule if reasonable people could differ as to whether the party requested must comply."). Here, substantial justification is present because the weight of authority indicates that Defendant's objections are well-taken and will prohibit discovery on the matters that are the subject of the instant motion, particularly with regard to the discovery targeting matters that are factually distinct from this case and targeting non-party entities.

As such, the Court should deny Plaintiff's meritless motion to compel and further deny Plaintiff's meritless request for sanctions, both with prejudice.

**SPECIFIC DISCOVERY IN ISSUE**

**REQUEST FOR PRODUCTION NO.3:**

Any and all prior claims against defendant which allege racial profiling, not limited to California.

**FURTHER RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Responding Party restates and reaffirms all previously asserted objections. This request is vague, ambiguous, overly broad and unduly burdensome as to time and scope. Furthermore, Asking Party's request contains no terms of limitation as to scope or time. As phrased, this request is a fishing expedition that is irrelevant to this claim and for the purpose of harassing Responding Party. Further, this Request seeks production of documents protected by the attorney work-product privilege, attorney client privilege, and in anticipation of litigation. See: *Scripps Health v. Superior Court* (2003) 109 Cal.App.4th 529; *Nacht & Lewis Architects, Inc. v. Superior Court* (1996) 47 Cal.App. 4th 214. This request seeks confidential and private information that, if disclosed, would violate the privacy rights of third parties unrelated to this action. Additionally, this request seeks production of confidential settlement documents that are inadmissible under Federal Rule of Evidence § 408.

Without waiving said objection, Responding Party responds as follows: With respect to past incident of "racial profiling" at the subject location, no documents exist responsive to this request because there are no other incidents of racial profiling at this subject location other than this instant lawsuit for a period of 2009 to present.


**PLAINTIFF'S ARGUMENT FOR FURTHER RESPONSE TO REQUEST FOR PRODUCTION NO. 3**

The requests asks for claims of racial profiling alleged against Macy's. During the meet and confer process, plaintiff limited the request for claims to 15 years.

Macy's asserts boilerplate objections that have no relationship to the request. How are claims against Macy's confidential?  How are claims against Macy's

privileged?  Macy's simply does not want to reveal its long history of racial profiling and attempts to hide behind the irrelevant objections and asserts the old saw that the request is a fishing expedition.   "An opponent's characterization of a discovery request as a 'fishing expedition' should not, however, prevent discovery of relevant and potentially admissible evidence in the possession, custody or control of the opposing parties. The requesting party is not required to demonstrate in advance that the sought-after information will ultimately prove his case or even that it will be admissible at trial. He is only required to make a threshold showing that the discovery is relevant and is calculated to lead to the discovery of admissible evidence." *Voggenthaler v. Md. Square, LLC*, 2011 U.S. Dist. LEXIS 5046, at *35 (D. Nev. Jan. 13, 2011).

Claims of racial profiling against Macy's are relevant and likely admissible at trial on the issue of treble and punitive damages.[7]  In *BMW of N. Am. v. Gore*, 517 U.S. 559, 576-77 (1996), the Supreme Court said:

'[E]vidence that a defendant has repeatedly engaged in prohibited conduct while knowing or suspecting that it was unlawful would provide relevant support for an argument that strong medicine is required to cure the defendant's disrespect for the law. See id., at 462, n. 28. Our holdings that a recidivist may be punished more severely than a first offender recognize that repeated misconduct is more reprehensible than an individual instance of malfeasance. See *Gryger v. Burke*, 334 U.S. 728, 732, 92 L. Ed. 1683, 68 S. Ct. 1256 (1948)."

In *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 423 (2003), the Supreme Court repeated the statement of the Court in *Gore* and added:

"Although 'our holdings that a recidivist may be punished more

---

[7] "Treble damages are punitive in nature". *Imperial Merch. Services, Inc. v. Hunt*, 47 Cal. 4th 381, 394 (2009).  Under Civil Code § 52, treble damages are in the discretion of the trier of fact, who should be permitted to consider all evidence of reprehensible conduct of Macy's to justify the penalty.

1  severely than a first offender recognize that repeated misconduct is
2  more reprehensible than an individual instance of malfeasance,' *Gore*,
3  *supra*, at 577, in the context of civil actions courts must ensure the
4  conduct in question replicates the prior transgressions. [Citation.]"

5  The law permits this plaintiff to present evidence of other acts of racial
6  profiling. In doing so, plaintiff must show similarity between the other acts and this
7  case. Plaintiff can only do so if he secures the documents on the other claims. Most
8  assuredly, Macy's has the other claims. The other claims are very relevant.

9  To the extent that treble and punitive damages in this case may be governed by
10  state law, the California Supreme Court agrees with *State Farm* and *Gore* regarding
11  recidivists. In *Johnson v. Ford Motor Co*., 35 Cal. 4th 1191, 1196-97 (2005), the
12  Supreme Court held:

13  "In reducing the punitives to a small multiple of the relatively modest
14  compensatory damages award, however, the Court of Appeal apparently
15  failed to adequately consider that Ford's fraud was more reprehensible
16  because it was part of a repeated corporate practice rather than an
17  isolated incident. For this reason, we reverse the Court of Appeal's
18  judgment and remand for that court to conduct again the independent
19  due process review required under *State Farm Mut. Auto Ins. Co. v.*
20  *Campbell* (2003) 538 U.S. 408 [155 L. Ed. 2d 585, 123 S. Ct. 1513]
21  (*State Farm*) and *BMW of North America v. Gore* (1996) 517 U.S. 559
22  [134 L. Ed. 2d 809, 116 S. Ct. 1589] (*BMW*).

23  The other claims of racial profiling against Macy's are quite relevant to the
24  issues of this case. Macy's attempt to limit the other claims to the store in issue is
25  inappropriate as Macy's West Stores, Inc. "operates stores in New York, New York;

26
27
28

1   San Francisco, California; Miami, Florida; and Chicago, Illinois."[8] The company is a

2   subsidiary of Macy's, Inc.  See footnote 3 cite.  Given the claims of which plaintiff

3   knows arising in New York, Florida, Missouri and California, the racial profiling of

4   Macy's is a corporate practice.

5       And, the request for 15 years is reasonable. The 2005 fine, requirement for a

6   security monitor and training in *People v. Macy's* and the subsequent 2014 fine by

7   the state of New York for apparently the very same conduct prove Macy's has had a

8   long term problem with racial profiling.  Plaintiff should be entitled to learn about all

9   of the racial profiling claims against Macy's to prove up the punitive damages in this

10  case.  Given the recidivism, "[S]trong medicine is required to cure the defendant's

11  disrespect for the law".  *Gore, supra*.

12      Macy's also asserts an objection based on Federal Rule of Evidence § 408,

13  that is, preclusion of the introduction of a compromise at trial "either to prove or

14  disprove the validity or amount of a disputed claim or to impeach by a prior

15  inconsistent statement or a contradiction".   The objection is unfounded at the

16  discovery phase.  Moreover, the evidence of settlements in other cases is often

17  admissible, even when the settlements are confidential.   Citing public policy

18  concerns, a number of courts have held that such confidentiality provisions will not

19  be utilized as a shield to obstruct the discovery process. *Young v. State Farm Mutual*

20  *Automobile Insurance Co*. ( S.D.W.V. 1996) 169 F.R.D. 72, 79; *City of Hartford v.*

21  *Chase* (2nd Cir.1991) 942 F.2d 130, 136; See also *Bank of America National Trust &*

22  *Savings Ass'n v. Hotel Rittenhouse Associates* (3d Cir. 1986) 800 F.2d 339. This is

23  particularly true when confidentiality provisions may have the effect of silencing

24  witnesses with a settlement agreement where the facts of one controversy are

25  relevant to another. *Nestor v. Posner-Gerstenhaber* (Fla. Dist. Ct. App. 3d Dist.

26

27  ───────────────

    [8]

28  http://www.bloomberg.com/Research/stocks/private/snapshot.asp?privcapId=256642
    92.

2003) 857 So. 2d 953, 955 ("Contractual confidentiality agreements, however, cannot be used to adversely interfere with the ability of nonparties to pursue discovery in support of their case. ")  See *Scott v. Nelson* (Fla. 1st DCA 1997) 697 So. 2d 1300. ("Settlement agreements which suppress evidence violate the greater public policy").

Macy's should be ordered to produce the documents setting forth the claims made against Macy's for racial profiling for the last 15 years wherever those claims arose.

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S ARGUMENT FOR FURTHER RESPONSE TO REQUEST FOR PRODUCTION NO. 3; REQUEST FOR PROTECTIVE ORDER**

**I.**      ***Argument re: Opposition***

As stated, Request for Production No. 3 is overbroad on its face because it lacks any time limitation whatsoever. *See, e.g.*, *Quezada v. Lindsey*, 2014 U.S. Dist. LEXIS 154102, *11 (E.D. Cal. Oct. 30, 2014) ("Plaintiff's motion to compel a further response to this request is DENIED.  First, Plaintiff's request is overbroad as to time, as it is not limited to the relevant time period relative to the allegations in the complaint.").  Further, even with a 15-year time limitation, the request is clearly overbroad as to time; to the extent Defendant can determine Plaintiff's intended meaning of "racial profiling," the overbreadth is obvious because Plaintiff's counsel expressly declined to limit "racial profiling" to similar instances to Plaintiff's allegations, and instead stated that **"anything"** was at issue.  This would appear to include any purported allegations of employment discrimination, even though this is not an employment discrimination case.  What's more, Plaintiff's attempts to argue that Defendant is prone to "recidivism" are unavailing because they involve ancillary entities who are not defendants in this case and who are wholly separate from

1    Macy's West, the actual defendant in this case.

2         For one, as noted above, the definition of "racial profiling" offered by Plaintiff

3    is extremely overbroad and is not limited to events that are similar to Plaintiff's

4    allegations: rather, as Plaintiff's counsel stated, the limitation is to **"anything"** where

5    someone was treated differently because of their race.  This admission by Plaintiff's

6    counsel is fatal to the instant motion to compel, as the authorities upon which

7    Plaintiff relies do not support this overreaching definition of relevance in discovery.

8    Rather, they stand for the proposition that for purposes of punitive damages, a

9    showing of relevance requires that the conduct be similar to the alleged conduct in

10   the Complaint.

11        Indeed, Plaintiff relies heavily on *State Farm Mut. Auto. Ins. Co. v. Campbell*,

12   538 U.S. 408 (2003) to argue that evidence of Defendant's recidivism is relevant to

13   punitive damages, but Plaintiff's reliance on *Campbell* is unavailing due to the clear

14   dissimilarity of the acts at issue in this case as opposed to the far broader definition

15   offered by Plaintiff's counsel, such that Plaintiff's discovery seeks evidence that is

16   not relevant to punitive damages.  The Supreme Court strongly cautioned that "in the

17   context of civil actions courts must ensure the conduct in question replicates the prior

18   transgressions." *Id.* at 423.  "A defendant's dissimilar acts, independent from the acts

19   upon which liability was premised, may not serve as the basis for punitive damages.

20   A defendant should be punished for the conduct that harmed the plaintiff, not for

21   being an unsavory individual or business." *Id.* at 422-23.  As the Court noted, "[t]he

22   reprehensibility guidepost does not permit courts to expand the scope of the case so

23   that a defendant may be punished for any malfeasance, which in this case extended

24   for a 20-year period," and held that because the plaintiffs had shown no conduct by

25   the defendant "similar to that which harmed them, the conduct that harmed them is

26   the only conduct relevant to the reprehensibility analysis." *Id.* at 424.  The

27   imposition of punitive damages based on dissimilar acts "creates the possibility of

28

1  multiple punitive damages awards for the same conduct; for in the usual case

2  nonparties are not bound by the judgment some other plaintiff obtains." *Id.* at 423.

3      Here, Plaintiff's motion should be denied and Defendant's objections should

4  stand, as the discovery targets dissimilar events that have no relevance for purposes

5  of punitive damages.  If Plaintiff's counsel had limited the discovery at issue to

6  events that were factually similar to Plaintiff's allegations, then this discovery would

7  not be overbroad, **but Plaintiff's counsel expressly declined to limit the discovery**

8  **in such a manner.**  As phrased, the scope of this discovery appears to encompass

9  purported allegations of employment discrimination, even though this is not an

10  employment discrimination case.  Likewise, the Complaint discusses events dealing

11  with a lone Macy's Sales Clerk allegedly profiling Plaintiff, whereas the civil actions

12  that Plaintiff attaches as support for his Motion to Compel all dealt with loss

13  prevention, or even the local police, allegedly profiling the plaintiffs.  (*See, e.g.*,

14  Ex. A ¶¶ 2-9; Ex. B ¶¶ 1, 12; Ex. C ¶¶ 12-13; Ex. D ¶¶ 8-12.)   Absent any limitation

15  on the discovery, the only logical conclusion is that this discovery is a classic

16  "fishing expedition" that must be disallowed.

17      Further, even assuming Plaintiff could show that similar events were at issue,

18  the other major problem with Plaintiff's Request and Interrogatories that ask for

19  information relating to racial profiling is the focus on non-parties that are not the

20  subject of this litigation, thereby further demonstrating the total lack of relevance of

21  the discovery to the facts of this case and the undue burden to Defendant Macy's

22  West in responding based on a national scale.  As discussed in the Declaration of

23  Ann Munson Steines, Defendant Macy's West has never owned or operated any

24  stores in New York, Florida, Illinois, or Missouri, thereby rendering Plaintiff's heavy

25  reliance on events in those states unavailing.  (Cook Decl., Ex. 2.)  Plaintiff's attempt

26  to rely on an incompetent, unauthenticated hearsay statement from a website that is

27  not even Macy's-affiliated should be disregarded under Defendant's objection to that

28

1    inaccurate and inadmissible hearsay statement pursuant to Fed. R. Evid. 801 *et seq.*

2    Tellingly, when Plaintiff's counsel was informed that events involving New

3    York stores were completely irrelevant because they are beyond Defendant's control

4    and involved a separate entity, Plaintiff's counsel moved the goalposts by suggesting

5    that the discovery was still relevant because there is a national Macy's policy on

6    racial profiling. Defendant submits that **another entity's** failure to comply with the

7    alleged policy has no bearing on **Defendant's** compliance with the policy. Macy's

8    East is not a defendant in this action, nor is Macy's, Inc. or Macy's Retail Holdings,

9    Inc. More importantly, Plaintiff's Complaint is silent altogether as to the existence

10   of such a national policy—not even implying such a policy exists and was violated—

11   and instead refers only to events taking place in the single Macy's West store at

12   issue. (Doc. No. 1, Ex. A, Compl. ¶¶ 5-8.) In contrast, one of Plaintiff's complaints

13   relied upon as an exhibit references the policy at length. (*See* Ex. A ¶¶ 2-9.)

14   Unsurprisingly, the law disagrees with Plaintiff's view of discovery because

15   the sole defendant in this case is a **subsidiary**, rather than the parent company: the

16   cases treating subsidiaries and the parent company as a consolidated entity for

17   purposes of discovery are cases in which the parent company was a named

18   defendant, if not the sole named defendant.[9] Likewise, the law disagrees due to the

19   absence in Plaintiff's Complaint of any reference to violations of an alleged

20   "national policy" held by Macy's, or even any allusions to that effect: rather, the

21

22   [9] Plaintiff appears to take the position that the corporate veil must be pierced, but
23   has only named one entity, Macy's West, as a defendant. Plaintiff fails to provide
     any allegations that Defendant has not observed corporate formalities or acted as
24   though the other Macy's subsidiary entities constitute its alter-egos. In fact, the
25   alter-ego issue is not posed by the Complaint, which only references Defendant
     Macy's West. *See, e.g.*, *Electromatic (PTY), Ltd. v. Rad-O-Lite of Philadelphia,*
26   *Inc.*, 90 F.R.D. 182, 183-84 (E.D. Pa. 1981) (discovery was relevant to corporate
27   alter-ego claim because plaintiff showed basis for separate entities being single entity
     by pointing to specific transactions where the purportedly separate entities had paid
28   the other entities' bills without regard to the corporate form).

Complaint simply refers to events taking place at one Macy's store and appears to fault just that store's personnel rather than a generalized corporate policy. (*See* Doc. No. 1, Ex. A, Compl. ¶¶ 5-8.)

For example, the instant case is wholly unlike *Gutierrez v. Johnson & Johnson, Inc.*, 2002 U.S. Dist. LEXIS 15418, *22-*23 (D.N.J. Aug. 12, 2002), wherein the defendant's request for a protective order limiting discovery to the plaintiff's former employer entities was denied precisely because the parent company of those entities was the sole named defendant. As the court explained, "Plaintiffs have brought a class action against Johnson & Johnson, Inc., not against Ethicon, Inc. and/ or Johnson & Johnson Services, Inc. It bears repeating that the defendant in this matter is the parent company, Johnson & Johnson, Inc., and that what is at issue are policies, practices and procedures implemented by, or at the direction of, or in the absence of any direction whatsoever, from, the parent company Johnson & Johnson, Inc;. Therefore documents in the possession of the named defendant are relevant, absent a clear and convincing showing to the contrary." *See also Flores v. Bank of Am.*, 2012 U.S. Dist. LEXIS 182393, *4-*5 (S.D. Cal. Dec. 27, 2012) ("[T]he only purpose of Plaintiffs' interrogatories in issue in the Joint Statement is to allow Plaintiffs to search for other customers of Defendants with claims similar to those of the Plaintiffs in *Flores* and *Jones*, without any factual connection to the Plaintiffs in *Flores* and *Jones* other than that they are Defendants' customers who did not receive loan modifications. In the Court's view, the type of discovery sought by Plaintiffs constitutes a 'fishing expedition' which would be unduly burdensome for Defendants to further respond.").

## II.   *Request for Protective Order*

Clearly, given Plaintiff's insistence on pursuing discovery from Defendant Macy's West that relates to events that are not factually similar to the allegations in the Complaint, and further given Plaintiff's focus on nonparty entities and their

compliance with an alleged national policy—despite these separate nonparty entities' obvious lack of connection to **Defendant's** compliance with the same policy— a Protective Order is warranted that would forbid or limit further discovery into: (1) factually dissimilar acts and omissions; and (2) any acts and omissions by separate entities that are not defendants to this action.  **Defendant hereby makes a formal request for such Protective Order pursuant to Fed. R. Civ. P. 26(c), on the basis that the discovery's lack of relevance to recidivism or punitive damages—which are Plaintiff's sole offered bases for relevance—provides the necessary good cause.**

"Pursuant to Federal Rule of Civil Procedure 26(c)(1), '[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense.'  The party seeking the protective order has the burden to show good cause by demonstrating harm or prejudice that will result from the discovery." *Dairy v. Dairy Emples. Union Local No. 17 Christian Labor Ass'n*, 153 F.Supp.3d 1217, 1259 (E.D. Cal. 2015). Importantly, "a showing of irrelevancy of proposed discovery can satisfy the 'good cause' requirement of Rule 26(c)." *Smith v. Dowson*, 158 F.R.D. 138, 140 (D. Minn. 1994); *see also Carrera v. First Am. Home Buyers Prot. Co.*, 2014 U.S. Dist. LEXIS 101064 at *2-4 (S.D. Cal. July 23, 2014); *Navel Orange Administrative Committee v. Exeter Orange Co.*, 722 F.2d 449, 454 (9th Cir. 1983) ("When Exeter sought to depose NOAC's general manager regarding the factual basis of Exeter's affirmative defenses, NOAC sought and was granted a Fed. R. Civ. P. 26(c) protective order barring Exeter from discovering matters related to those defenses. The court's reasoning was simple: if the affirmative defenses are not cognizable in an enforcement proceeding, discovery relating to those defenses is irrelevant and immaterial.").

In light of the briefing above that shows the clear lack of relevance of the

discovery at issue to the facts of this case, Defendant hereby requests that the Court enter a Protective Order limiting any discovery regarding "racial profiling" to events that are similar to Plaintiff's allegations in the Complaint and to events involving stores under Defendant Macy's West's control: *i.e.*, stores in the states identified in the Declaration of Ann Munson Steines.

**REQUEST FOR PRODUCTION NO. 4.:**

Any and all documents that will support any of your affirmative defenses raised in your Answer to the Complaint.

**FURTHER RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Responding Party restates and reaffirms all previously asserted objections. Objection, this request has been asked and answered in Responding Party's response to Special Interrogatory No. 4. Of Plaintiff's Special interrogatories (Set One). This Request invades the attorney work-product privilege in that it requires a disclosure of the impressions, conclusions and opinions of Responding Party's counsel. Moreover, this Request presupposes that Responding Party has the burden of proving a denial of an allegation contained in Plaintiff's complaint, a proposition which is contrary to existing law. Under existing law, Plaintiff has the burden of proving each and every fact necessary to sustain his recovery against this Responding Party. Responding Party is entitled to deny the unverified allegations of Plaintiff s complaint generally and to put Plaintiff to his proof without specifying what facts or evidence this Responding Party may choose to offer into evidence in response to the evidence offered by Plaintiff.

To the extent that this Request seeks a statement of the special or affirmative defenses, the pleadings filed by Responding Party state those affirmative defenses and special defenses and it is burdensome and oppressive to Responding Party to require a restatement of those pleaded facts.

The acts and discovery in this matter are yet to be concluded and, as a result, a

1  comprehensive response to this Request is not yet available. However, in the spirit of

2  discovery, all affirmative defenses as alleged by Responding Party are made for the

3  specific purpose of preserving the rights of said Responding Party and will be

4  maintained until such time as discovery has been concluded.

5

6  **PLAINTIFF'S ARGUMENT FOR FURTHER RESPONSE TO REQUEST**

7  **FOR PRODUCTION NO. 4**

8         In an apparent boilerplate response, Macy's contends that it is entitled to deny

9  plaintiff's allegations and should not be required to support such denials with

10 evidence.  While that is not so, the request does not seek information respecting the

11 denial of plaintiff's allegations.  Rather, the request seeks evidence supporting the

12 affirmative defenses.  As to evidence supporting the affirmative defenses, Macy's

13 appears to contend that the evidence to support its 16 affirmative defenses is work

14 product and that it is entitled to assert affirmative defenses without supporting

15 evidence.  Neither ground is true.

16        The work-product doctrine protects documents and tangible things that have

17 been prepared by or for a party or his representative in anticipation of litigation or for

18 trial. FRCP, Rule 26(b)(3). The work product doctrine protects against the disclosure

19 of documents and tangible things "prepared in anticipation of litigation or for trial by

20 or for another party or by or for that other party's representative. . . ." As noted in

21 1970 by the Advisory Committee on Rules, "Subdivision (b)(3) reflects the trend of

22 the cases by requiring a special showing, not merely as to materials prepared by an

23 attorney, but also as to materials prepared in anticipation of litigation or preparation

24 for trial by or for a party or any representative acting on his behalf."  "'The burden of

25 establishing protection of materials as work product is on the proponent, and it must

26 be specifically raised and demonstrated rather than asserted in a blanket

27 fashion.'[Citations.]"  *Green v. Baca*, 226 F.R.D. 624, 652 (C.D. Cal. 2005).  Macy's

28 has not asserted in its objection or during the meet and confer process that any of the

documents sought by plaintiff were prepared by or for counsel for Macy's. Rather, it has asserted a blanket objection. The work product doctrine does not apply.

In addition, there is no statutory right to assert affirmative defenses for which the defendant has utterly no facts to support them when the answer is filed. As the requirements of Rule 11 apply to the assertion of an affirmative defense, affirmative defenses should be limited only to those supported by the law and the evidence. *Gargin v. Morrell*, 133 F.R.D. 504, 506 (E.D. Mich. 1991) (explaining that affirmative defenses "not then and there reasonably supported in fact and law" violate Rule 11); *Ganley v. Cty. of San Mateo*, 2007 U.S. Dist. LEXIS 26467, at *8 (N.D. Cal. Mar. 22, 2007) (Rule 11 requires defendant's counsel to allege only those affirmative defenses that are supported by existing law and the evidence); *Gomez v. J. Jacobo Farm Labor Contr., Inc.*, 2016 U.S. Dist. LEXIS 66922, at *9 n.2 (E.D. Cal. May 19, 2016) ("allowing affirmative defenses pled without any investigation into the underlying factual basis implicates Rule 11 concerns").

Macy's cannot be permitted to hide behind the unsupported response that "all affirmative defenses as alleged by Responding Party are made for the specific purpose of preserving the rights of said Responding Party and will be maintained until such time as discovery has been concluded." Macy's has no right to assert affirmative defenses for which it has no evidence. Macy's should be required to respond that it has no documents to support any of its affirmative defenses so that plaintiff may move for partial summary judgment to eliminate the defenses.

### DEFENDANT'S OPPOSITION TO PLAINTIFF'S ARGUMENT FOR FURTHER RESPONSE TO REQUEST FOR PRODUCTION NO. 4

First and foremost, Defendant submits that it thought this issue was settled after meet-and-confer discussions with Plaintiff's counsel, wherein Defendant advised that all documents at issue were already identified in the discovery responses and no further responsive documents existed. (*See* Exhibit 4) Pursuant to those

discussions, Defendant submitted a supplemental response to Request for Production No. 4 that identified the same categories of documents stated below in response to Interrogatory No. 4. (Ex. 5.) For unexplained reasons, Plaintiff's briefing attempts to compel a further response to Defendant's prior discovery responses, even though they were amended and supplemented to identify categories of documents.

Defendant submits that it properly identified categories of documents where the responsive information could be found, in response to Request for Production No. 4 (and Interrogatory No. 4, as discussed *infra*). Pursuant to Fed. R. Civ. P. 33(d)(1), a party may identify categories of documents where the information to answer an Interrogatory may be found, so long as the burden is equal to both parties to locate the information from the documents. Here, Macy's West did precisely this, by directing Plaintiff's attention to his previously produced financial and medical records. If Plaintiff believes that this information is insufficient, Plaintiff is fully within his rights to seek partial summary judgment of the defenses at issue, but Macy's West submits that this would be premature given that Plaintiff's deposition has yet to be taken in this case despite numerous attempts by Defendant to arrange such deposition, and Defendant reasonably anticipates that further facts in support of its affirmative defenses will be disclosed during such deposition, consistent with Fed. R. Civ. P. 11(b)(3).

To the extent the Court is inclined to order Defendant to produce the documents at issue, Defendant will do so, but Defendant believes that would be unnecessary in light of Fed. R. Civ. P. 26(b)(2)(C)(i), which authorizes the Court to limit discovery if it "can be obtained from some source that is more convenient, less burdensome, or less expensive." Defendant submits that it would be far more convenient for Plaintiff and less burdensome for Defendant if Plaintiff examines his own records to find the responsive documents, rather than having Defendant re-produce the exact same documents that Plaintiff has already produced to Defendant.

**INTERROGATORY NO. 4:**

With respect to each affirmative defense set forth in your Answer to the Complaint, state in detail each and every document that will support that specific defense.

**FURTHER RESPONSE TO INTERROGATORY NO. 4:**

Responding Party reaffirms and restates all previously asserted objections. The request is incomplete in and of itself in that it requires reference to another document. Also, this request seeks information that is protected by the attorney-client and/or attorney work-product privileges. Calls for legal conclusion, and seeks premature expert discovery. Also, Responding Party has not had an opportunity to depose the plaintiff, and nor has Responding Party had the opportunity to serve written discovery, and depose those parties recently brought into the lawsuit. Further objection is made on the ground that the general denial and all affirmative defenses set forth in Responding Party's Answer to the Complaint on file herein are based upon Responding Party's statutory right to so set forth any and all affirmative defenses, whether or not discovery has revealed such facts to date.

Without waiving said objections, Responding Party responds as follows: Responding Party believes that documents responsive to this request are in the possession, custody, or control of Asking Party, such as Plaintiffs medical records, personal income tax statements, personal bank statements, and all other financial documents produced by Plaintiff in support of his claims for damages.   The discovery process is continuing. Defendant reserves the right to amend or supplement this response prior to or at the time of trial.

## PLAINTIFF'S ARGUMENT FOR FURTHER RESPONSE TO INTERROGATORY NO. 4

The argument for Further Response To Request For Production No. 4 applies with equal force here.  Macy's should be required to state that it has no documents

supporting its affirmative defenses so that plaintiff may move for partial summary judgment to eliminate the defenses.

### DEFENDANT'S OPPOSITION TO PLAINTIFF'S ARGUMENT FOR FURTHER RESPONSE TO INTERROGATORY NO. 4

The arguments with respect to Request for Production No. 3 apply with equal force here.   Macy's West hereby incorporates those arguments by reference as though stated herein.

Further, Defendant submits that it properly identified categories of documents where the responsive information could be found.   Pursuant to Fed. R. Civ. P. 33(d)(1), a party may point to categories of documents where the information to answer an Interrogatory may be found, so long as the burden is equal to both parties to locate the information from the documents.   Here, Macy's West did precisely this, by directing Plaintiff's attention to his previously produced financial and medical records.   If Plaintiff believes that this information is insufficient, Plaintiff is fully within his rights to seek partial summary judgment of the defenses at issue, but Macy's West submits that this would be premature given that Plaintiff's deposition has yet to be taken in this case.

**INTERROGATORY NO. 8:**

Please state if in the past 15 years has there been a written claim or demand for compensation for racial profiling against defendant?

**FURTHER RESPONSE TO INTERROGATORY NO. 8:**

Responding Party reaffirms and restates all previously asserted objections. this interrogatory is vague, ambiguous, overly broad and unduly burdensome as to time and scope. It is unduly burdensome and harassing to request Responding Party to scour its records dating back fifteen years at every store ever in operation. Further, Responding Party objects on the grounds that this excessive scope is irrelevant to the

**26**

subject matter of this litigation and an attempt by Plaintiff to go on an unjustified fishing expedition. Responding Party contends that Asking Party's attempt to seek information pertaining to any locations apart from the subject premises to this litigation is irrelevant.  Additionally, this Interrogatory seeks information protected by the attorney work-product privilege, attorney client privilege or in anticipation of litigation. Further objection on the grounds that this request seeks information barred by Federal Rule of Evidence § 408. This request seeks confidential and private information that, if disclosed, would violate the privacy rights of third parties unrelated to this action.

Without waiving said objection and in the spirit of cooperation, Responding Party has run a diligent search and reasonable inquiry into past claims of purported "racial profiling" as the subject location for a period of five years prior to the alleged incident. There have been no prior incidents of alleged "racial profiling" at the subject location from 2009 to present other than this subject litigation.   The discovery process is continuing. Defendant reserves the right to amend or supplement this response prior to or at the time of trial.

## PLAINTIFF'S ARGUMENT FOR FURTHER RESPONSE TO INTERROGATORY NO. 8

The argument for further response to Request for Production No. 3 applies with equal force here to the response of Macy's with the exception of the objection based on burden.  On that objection, Macy's has not justified its burden to preclude discovery.  "The party who resists discovery has the burden to show that discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections. [Citation.]"  *Directv, Inc. v. Trone*, 209 F.R.D. 455, 458 (C.D. Cal. 2002);  see also *Martin v. Easton Pub. Co.*, 85 F.R.D. 312, 316 (E.D. Pa. 1980) ["To resist answering interrogatories, plaintiff cannot invoke the defense of oppressiveness or unfair burden without detailing the nature and extent thereof.

Simply decrying the expense to plaintiff will not satisfy this obligation."]   "'In determining whether a request for discovery will be unduly burdensome to the responding party, the court weighs the benefit and burden of the discovery. . . . This balance requires a court to consider the needs of the case, the amount in controversy, the importance of the issues at stake, the potential for finding relevant material and the importance of the proposed discovery in resolving the issues'".  *Green, supra*, 219 F.R.D. at 493.

There is no question the request for information respecting the other claims of racial profiling is quite relevant and will be admissible on the punitive and treble damages claim in this case.  The damages in controversy in this case exceed $500,000 in lost earnings alone.  The emotional and mental distress damages are as significant if not more so.  The issues at stake include the apparent long-standing and continuing racial discrimination and civil rights violations by Macy's.  The requested information is directly relevant to the issues in the case.

Macy's should be ordered to affirmatively state that it has received racial profiling claims in the past 15 years.  See *Wallace*, et al., cited above.

## DEFENDANT'S OPPOSITION TO PLAINTIFF'S ARGUMENT FOR FURTHER RESPONSE TO INTERROGATORY NO. 8; REQUEST FOR PROTECTIVE ORDER

The arguments with respect to Request for Production No. 3 apply with equal force here, including the Request for Protective Order.  Macy's West hereby incorporates those arguments by reference as though stated herein.

## INTERROGATORY NO. 9:

If your answer to Interrogatory No. 8 above is in the affirmative, state the name, address and telephone number of each such individual making a claim for racial profiling.

**FURTHER RESPONSE TO INTERROGATORY NO. 9:**

Responding Party reaffirms and restates all previously asserted objections, this interrogatory is vague, ambiguous, overly broad and unduly burdensome as to time and scope. It is unduly burdensome and harassing to request Responding Party to scour its records dating back fifteen years at every store ever in operation. Further, Responding Party objects on the grounds that this excessive scope is irrelevant to the subject matter of this litigation and an attempt by Plaintiff to go on an unjustified fishing expedition. Responding Party contends that Asking Party's attempt to seek information pertaining to any locations apart from the subject premises to this litigation is irrelevant. Additionally, this Interrogatory seeks information protected by the attorney work-product privilege, attorney client privilege or in anticipation of litigation. Further objection on the grounds that this request seeks information barred by Federal Rule of Evidence § 408. This request seeks confidential and private information that, if disclosed, would violate the privacy rights of third parties unrelated to this action.

Without waiving said objection and in the spirit of cooperation, Responding Party has run a diligent search and reasonable inquiry into past claims of purported "racial profiling" as the subject location for a period of five years prior to the alleged incident. There have been no prior incidents of alleged "racial profiling" at the subject location from 2009 to present other than this subject litigation made by Plaintiff Alton Harding. The discovery process is continuing, Defendant reserves the right to amend or supplement this response prior to or at the time of trial.

**PLAINTIFF'S ARGUMENT FOR FURTHER RESPONSE TO INTERROGATORY NO. 9**

The arguments for further response to the Request for Production No. 3 and for Interrogatory No. 8 apply with equal force here to the response of Macy's. Macy's should be order to provide the identity of those persons making racial

29

1  profiling claims against it.

2

3  **DEFENDANT'S OPPOSITION TO PLAINTIFF'S ARGUMENT FOR**

4  **FURTHER RESPONSE TO INTERROGATORY NO. 9; REQUEST FOR**

5  **PROTECTIVE ORDER**

6      The arguments with respect to Request for Production No. 3 and Interrogatory

7  No. 8 apply with equal force here, including the Request for Protective Order.

8  Macy's West hereby incorporates those arguments by reference as though stated

9  herein.

10

11

12  **INTERROGATORY NO. 10:**

13      If any lawsuit was filed for racial profiling against defendant in the last 20

14  years, state the name, address and telephone number of the attorney representing any

15  individual who made such a claim.

16  **FURTHER RESPONSE TO INTERROGATORY NO. 10:**

17      Responding Party reaffirms and restates all previously asserted objections. this

18  interrogatory is vague, ambiguous, overly broad and unduly burdensome as to time

19  and scope. It is unduly burdensome and harassing to request Responding Party to

20  scour its records dating back fifteen years at every store ever in operation. Further,

21  Responding Party objects on the grounds that this excessive scope is irrelevant to the

22  subject matter of this litigation and an attempt by Plaintiff to go on an unjustified

23  fishing expedition. Responding Party contends that Asking Party's attempt to seek

24  information pertaining to any locations apart from the subject premises to this

25  litigation is irrelevant. Additionally, this Interrogatory seeks information protected

26  by the attorney work-product privilege, attorney client privilege or in anticipation of

27  litigation. Further objection on the grounds that this request seeks information barred

28  by Federal Rule of Evidence § 408. This request seeks confidential and private

information that, if disclosed, would violate the privacy rights of third parties unrelated to this action.

Without waiving said objection and in the spirit of cooperation, Responding Party has run a diligent search and reasonable inquiry into past claims of purported "racial profiling" as the subject location for a period of five years prior to the alleged incident. There have been no prior incidents of alleged "racial profiling" at the subject location from 2009 to present other than this subject litigation made by Plaintiff Alton Harding by his attorney of record, Barry Zelner. The discovery process is continuing. Defendant reserves the right to amend or supplement this response prior to or at the time of trial.

## PLAINTIFF'S ARGUMENT FOR FURTHER RESPONSE TO INTERROGATORY NO. 10

The arguments for further response to the Request for Production No. 3 and for Interrogatory No. 8 apply with equal force here to the response of Macy's. Macy's should be ordered to identify the attorneys who have sued Macy's for racial profiling in the last 20 years.

## DEFENDANT'S OPPOSITION TO PLAINTIFF'S ARGUMENT FOR FURTHER RESPONSE TO INTERROGATORY NO. 10; REQUEST FOR PROTECTIVE ORDER

The arguments with respect to Request for Production No. 3 and Interrogatory No. 8 apply with equal force here, including the Request for Protective Order. Macy's West hereby incorporates those arguments by reference as though stated herein.

Further, Defendant Macy's West notes that this Interrogatory, in contrast to the other Interrogatories, is considerably more overbroad: this Interrogatory, for unexplained reasons, seeks **20 years'** worth of information, whereas the other

1   Interrogatories are limited to **15 years.**   As discussed above, even the 15 years'
2   limitation is still overbroad as to time, such that the 20 years is even more overbroad.
3
4   **INTERROGATORY NO. 11:**
5   Did defendant ever pay any type of fine to any state or federal government for
6   alleged racial profiling?
7   **FURTHER RESPONSE TO INTERROGATORY NO. 11:**
8   Responding Party reaffirms and restates all previously asserted objections. this
9   interrogatory is vague, ambiguous, overly broad and unduly burdensome as to time
10  and scope. It is unduly burdensome and harassing to request Responding Parry to
11  scour its records dating back fifteen years at every store ever in operation. Further,
12  Responding Party objects on the grounds that this excessive scope is irrelevant to the
13  subject matter of this litigation and an attempt by Plaintiff to go on an unjustified
14  fishing expedition. Responding Party contends that Asking Party's attempt to seek
15  information pertaining to any locations apart from the subject premises to this
16  litigation is irrelevant.  Additionally, this Interrogatory seeks information protected
17  by the attorney work-product privilege, attorney client privilege or in anticipation of
18  litigation. Further objection on the grounds that this request seeks information barred
19  by Federal Rule of Evidence § 408. This request seeks confidential and private
20  information that, if disclosed, would violate the privacy rights of third parties
21  unrelated to this action.
22  Without waiving said objection, Responding Party responds as follows: After
23  a diligent search and reasonable inquiry, with respect to the subject location,
24  Responding Party is not aware of the existence of any fines for allegations of racial
25  profiling.
26  **PLAINTIFF'S ARGUMENT FOR FURTHER RESPONSE TO**
27  **INTERROGATORY NO. 11**
28  The arguments for further response to the Request for Production No. 3 and

**32**

for Interrogatory No. 8 apply with equal force here to response of Macy's. Macy's should be order to affirmatively state that it has been fined for racial profiling. See *People v. Macy's, supra.*

## DEFENDANT'S OPPOSITION TO PLAINTIFF'S ARGUMENT FOR FURTHER RESPONSE TO INTERROGATORY NO. 11; REQUEST FOR PROTECTIVE ORDER

The arguments with respect to Request for Production No. 3 and Interrogatory No. 8 apply with equal force here, including the Request for Protective Order. Macy's West hereby incorporates those arguments by reference as though stated herein.

**INTERROGATORY NO. 12:**

If your answer to Interrogatory No. 11 above is in the affirmative, state the amount paid and who the fine was paid to, including the date of payment.

**FURTHER RESPONSE TO INTERROGATORY NO. 12:**

Not Applicable.

## PLAINTIFF'S ARGUMENT FOR FURTHER RESPONSE TO INTERROGATORY NO. 12

The arguments for further response to the Request for Production No. 3 and for Interrogatory No. 8 apply with equal force here to response of Macy's. Macy's should be order to provide the information requesting all the fines it has paid for racial profiling.

## DEFENDANT'S OPPOSITION TO PLAINTIFF'S ARGUMENT FOR FURTHER RESPONSE TO INTERROGATORY NO. 12; REQUEST FOR PROTECTIVE ORDER

The arguments with respect to Request for Production No. 3 and Interrogatory No. 8 apply with equal force here, including the Request for Protective Order. Macy's West hereby incorporates those arguments by reference as though stated herein.

Date:  11/14/16                          LAW OFFICE OF BARRY S. ZELNER

                                         By:_____
                                              James S. Link
                                         Associated Counsel for Barry S. Zelner
                                              Attorneys for Plaintiff

Date:  11/15/16                          MANNING & KASS
                                         ELROD, RAMIREZ, TRESTER LLP

                                         By: ____/s/ Marcia E. Cook_____
                                              Jeffrey M. Lenkov
                                              Marcia E. Cook
                                              Attorneys for Defendant
                                              Macy's West Stores, Inc.