Exhibit 5

Jeffrey M. Lenkov (State Bar No. 156478)
  jml@manningllp.com
Marcia Cook (State Bar No. 272123)
  mec@manningllp.com
MANNING & KASS
ELLROD, RAMIREZ, TRESTER LLP
801 S. Figueroa St, 15th Floor
Los Angeles, California 90017-3012
Telephone: (213) 624-6900
Facsimile: (213) 624-6999

Attorneys for Defendant, MACY'S WEST STORES, INC.

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### SOUTHERN DIVISION

| | |
|---|---|
| ALTON HARDING,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>MACY'S, et al.<br><br>　　　　Defendants. | Case No. 8:16-CV-00772-DOC (SKx)<br><br>**DEFENDANT MACY'S WEST STORES, INC.'S FURTHER RESPONSE TO FIRST SET OF REQUESTS FOR PRODUCTION PROPOUNDED BY PLAINTIFF ALTON HARDING** |

PROPOUNDING PARTY:    Plaintiff ALTON HARDING

RESPONDING PARTY:     Defendant MACY'S WEST STORES, INC.

SET NO.:              One

　　　Pursuant to Federal Rule of Civil Procedure 34, Defendant MACY'S WEST STORES, INC. ("Responding Party") submits these responses and objections to the First Set of Requests for Production propounded by Plaintiff ALTON HARDING ("Propounding Party").

### PRELIMINARY STATEMENT

　　　Responding Party has not completed its investigation of the facts relating to this case, its

1  discovery or its preparation for trial. All responses and objections contained herein are based only
2  upon information that is presently available to and specifically known by Responding Party. It is
3  anticipated that further discovery, independent investigation, legal research and analysis will supply
4  additional facts and add meaning to known facts, as well as establish entirely new factual conclusions
5  and legal contentions, all of which may lead to substantial additions to, changes in and variations from
6  the responses set forth herein.

7  These responses, while based on diligent inquiry and investigation by Responding Party,
8  reflect only the current state of Responding Party's knowledge, understanding, and belief, based upon
9  the information reasonably available to it at this time. As this action proceeds, and further
10 investigation and discovery are conducted, additional or different facts and information could be
11 revealed to Responding Party. Moreover, Responding Party anticipates that Propounding Party may
12 make legal or factual contentions presently unknown to and unforeseen by Responding Party which
13 may require Responding Party to adduce further facts in rebuttal to such contentions. Consequently,
14 Responding Party may not yet have knowledge and may not fully understand the significance of
15 information potentially pertinent to these responses. Accordingly, these responses are provided
16 without prejudice to Responding Party's right to rely upon and use any information that it
17 subsequently discovers, or that was omitted from these responses as a result of mistake, inadvertence,
18 surprise, or excusable neglect. Without in any way obligating itself to do so, Responding Party
19 reserves the right to modify, supplement, revise, or amend these responses, and to correct any
20 inadvertent errors or omissions which may be contained herein, in light of the information that
21 Responding Party may subsequently obtain or discover.

22 Nothing in this response should be construed as an admission by Responding Party with
23 respect to the admissibility or relevance of any fact or document, or of the truth or accuracy of any
24 characterization or statement of any kind contained in Propounding Party's requests.

25 Each of the following responses is made solely for the purpose of this action. Each response is
26 subject to all objections as to relevance, materiality, and admissibility, and to any and all objections on
27 any ground that would require exclusion of any response if it were introduced in court. All objections
28 and grounds are expressly reserved and may be interposed at the time of trial, hearing, or otherwise.

///

Furthermore, each of the objections contained herein is incorporated by reference as though fully set forth in each response.

The following objections and responses are made without prejudice to Responding Party's right to produce at trial, or otherwise, evidence regarding any subsequently discovered information. Responding Party accordingly reserves the right to modify and amend any and all responses herein as research is completed and contentions are made.

Nothing contained herein is to be construed as a waiver of any attorney-client privilege, work product doctrine, or any other applicable privilege or doctrine. To the extent any interrogatory may be construed as calling for disclosure of information protected from discovery by the attorney-client privilege, the work product doctrine, or any other privilege or protection, a continuing objection to each and every such interrogatory is hereby interposed.

### GENERAL OBJECTIONS TO REQUESTS FOR PRODUCTION

Responding Party generally objects to the Requests for Production as follows:

1. Responding Party objects generally to the Requests for Production to the extent that they seek to elicit information that is neither relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence;

2. Responding Party objects generally to the Requests for Production to the extent that they are unreasonably overbroad in scope, and thus burdensome and oppressive, in that each such request seeks information pertaining to items and matters that are not relevant to the subject matter of this action, or, if relevant, so remote therefrom as to make its disclosure of little or no practical benefit to Propounding Party, while placing a wholly unwarranted burden and expense on Responding Party in locating, reviewing and producing the requested information;

3. Responding Party objects generally to the Requests for Production to the extent that they are burdensome and oppressive, in that ascertaining the information necessary to respond to them, and to produce documents in accordance therewith, would require the review and compilation of information from multiple locations, and voluminous records and files, thereby involving substantial time of employees of Responding Party and great expense to Responding Party, whereas

the information sought to be obtained by Propounding Party would be of little use or benefit to Propounding Party;

4. Responding Party objects generally to the Requests for Production to the extent that they are vague, uncertain, overbroad, and without limitation as to time or specific subject matter;

5. Responding Party objects generally to the Requests for Production to the extent that they seek information at least some of which is protected by the attorney-client privilege or the attorney work-product doctrine, or both;

6. Responding Party objects generally to the Requests for Production to the extent that they seek to have Defendant furnish information and identify documents that are a matter of the public record, and therefore are equally available to the Propounding Party as they are to Responding Party; and

7. Responding Party objects generally to the Requests for Production to the extent that they seek to have Responding Party furnish information and identify documents that are proprietary to Responding Party and contain confidential information.

Without waiver of the foregoing, Responding Party further responds as follows:

**RESPONSES TO REQUESTS FOR PRODUCTION**

**REQUEST FOR PRODUCTION NO. 3:**

Any and all prior claims against defendant which allege racial profiling, not limited to California.

**FURTHER RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Responding Party restates and reaffirms all previously asserted objections. This request is vague, ambiguous, overly broad and unduly burdensome as to time and scope. Furthermore, Asking Party's request contains no terms of limitation as to scope or time. As phrased, this request is a fishing expedition that is irrelevant to this claim and for the purpose of harassing Responding Party. Further, this Request seeks production of documents protected by the attorney work-product privilege, attorney client privilege, and in anticipation of litigation. See: *Scripps Health v. Superior Court* (2003) 109 Cal.App.4th 529; *Nacht & Lewis Architects, Inc. v. Superior Court* (1996) 47 Cal.App. 4th 214. This request seeks confidential and private information that, if disclosed, would violate the

privacy rights of third parties unrelated to this action. Additionally, this request seeks production of confidential settlement documents that are inadmissible under Federal Rule of Evidence §408.

Without waiving said objection, Responding Party responds as follows: With respect to past incident of "racial profiling" at the subject location, no documents exist responsive to this request because there are no other incidents of racial profiling at this subject location other than this instant lawsuit for a period of 2009 to present.

**REQUEST FOR PRODUCTION NO. 4.:**

Any and all documents that will support any of your affirmative defenses raised in your Answer to the Complaint.

**FURTHER RESPONSE TO REQUEST FOR PRODUCTION NO. 4.:**

Responding Party restates and reaffirms all previously asserted objections. Objection, this request has been asked and answered in Responding Party's response to Special Interrogatory No. 4. of Plaintiff's Special Interrogatories (Set One). This Request invades the attorney work-product privilege in that it requires a disclosure of the impressions, conclusions and opinions of Responding Party's counsel. Moreover, this Request presupposes that Responding Party has the burden of proving a denial of an allegation contained in Plaintiff's complaint, a proposition which is contrary to existing law. Under existing law, Plaintiff has the burden of proving each and every fact necessary to sustain his recovery against this Responding Party. Responding Party is entitled to deny the unverified allegations of Plaintiff's complaint generally and to put Plaintiff to his proof without specifying what facts or evidence this Responding Party may choose to offer into evidence in response to the evidence offered by Plaintiff.

To the extent that this Request seeks a statement of the special or affirmative defenses, the pleadings filed by Responding Party state those affirmative defenses and special defenses and it is burdensome and oppressive to Responding Party to require a restatement of those pleaded facts.

The acts and discovery in this matter are yet to be concluded and, as a result, a comprehensive response to this Request is not yet available. However, in the spirit of discovery, all affirmative defenses as alleged by Responding Party are made for the specific purpose of preserving the rights of said Responding Party and will be maintained until such time as discovery has been concluded.

1     Without waiving said objections, Responding Party responds as follows:

2     After a diligent search and responsible inquiry, Responding Party believes that Asking Party is in possession, custody, and control of responsive documents, such as Plaintiff's medical records and financial documents. Further, Responding Party is unaware of any non-impeachment documents responsive to this request other than what is already in the possession, custody, and control of Asking Party. The discovery process is continuing. Defendant reserves the right to amend or supplement this response prior to or at the time of trial.

DATED: August 23, 2016

MANNING & KASS
ELLROD, RAMIREZ, TRESTER LLP

By: _/s/ Jeffrey M. Lenkov_____
Jeffrey M. Lenkov
Marcia E. Cook
Attorneys for Defendant, MACY'S WEST STORES, INC.

## PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of California. My business address is 801 S. Figueroa St, 15th Floor, Los Angeles, CA 90017-3012.

On August 23, 2016, I served true copies of the following document(s) described as **DEFENDANT MACY'S WEST STORES, INC.'S FURTHER RESPONSE TO FIRST SET OF REQUESTS FOR PRODUCTION PROPOUNDED BY PLAINTIFF ALTON HARDING** on the interested parties in this action as follows:

| | |
|---|---|
| Barry S. Zelner, Esq.<br>Zelner & Karpel<br>16055 Ventura Boulevard, Suite 505<br>Encino, CA 91436<br>Tel:  323-272-9119 or<br>        310-274-9059<br>Fax: 818-986-1935<br>Email: barryzelner@yahoo.com | Attorneys for Plaintiff, ALTON HARDING |

**BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with the practice of Manning & Kass, Ellrod, Ramirez, Trester LLP for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid. I am a resident or employed in the county where the mailing occurred. The envelope was placed in the mail at Los Angeles, California.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on August 23, 2016, at Los Angeles, California.

_____
Cynthia Kaprielian

Case No. 8:16-CV-00772-DOC (SKx)

DEFENDANT MACY'S WEST STORES, INC.'S FURTHER RESPONSE TO FIRST SET OF REQUESTS FOR PRODUCTION PROPOUNDED BY PLAINTIFF ALTON HARDING